UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CASSANDRA WILSON | CIVIL ACTION NO. 07-1086 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AMERICREDIT FINANCIAL SERVICES, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Rehearing Pursuant to Bankruptcy Rule 8015. [Doc. No. 6]. The motion seeks to set aside this Court's dismissal of the instant bankruptcy appeal for failure to prosecute. The appeal was entered on the Court's docket on June 21, 2007 [Doc. No. 1]. Bankruptcy Rule 8009(a) provides that an "appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." Although this briefing deadline arises by operation of the federal bankruptcy rules and commences upon the docketing of the appeal without further action by the clerk, the clerk's office traditionally issues notices of the setting of a bankruptcy appeal. Here, the clerk's office issued a Notice of Setting Bankruptcy Appeal on June 26, 2007 [Doc. No. 4] advising appellant that she had 15 days to file her brief. Appellant failed to file a brief pursuant to the deadline established by the bankruptcy rules (15 days from entry of appeal) or pursuant to the deadline delineated by the clerk's office (15 days from notice of setting). Accordingly, this Court dismissed the appeal for failure to prosecute. [Doc. No. 5].

In support of his motion for rehearing, appellant's counsel argues that he had no notice of the appeal deadline. However, the Court finds no merit in this argument. The briefing deadlines are established by the federal bankruptcy rules themselves. No notice

of setting from the clerk is required to start the clock ticking. Nevertheless, according to the clerk's electronic notification system, appellant's counsel received both notice of the entry of the appeal on the docket [Doc. No. 2] and notice of the setting of the appeal [Doc. No. 4] via email, which is the method of notification designated by appellant's counsel. If counsel cannot adequately monitor the "100 plus" electronic notices he receives each week, perhaps he should consider an alternate method of notification, since he is charged with knowledge of the contents of the notices sent to him.

Appellant's counsel states that he inquired with the clerk's office as to the status of the appeal on August 1, 2007. [Doc. No. 6 at 3]. Although he gives no justification for his month long delay in checking on the status of the appeal, he now insinuates that somehow the Court was conspiring with the clerk's office, since the Court's dismissal was issued on the same day as counsel's inquiry to the clerk. Despite counsel's unfounded insinuations, the Court had no knowledge that counsel had spoken with the clerk's office and had decided to file a motion for an extension of time. Indeed, had appellant's counsel notified Chambers of his intentions, this entire matter may have been avoided. Instead, he waited a full 10 days *after* the dismissal to file his motion for reconsideration.

Rather than admit that he simply dropped the ball, appellant's counsel attempts to blame his failure to comply with the briefing schedule on everyone but himself. Despite counsel's refusal to accept responsibility, the Court is reluctant to punish the appellant for her counsel's deficient office procedures. Accordingly, the dismissal will be vacated and set aside. However, the Court will impose a monetary sanction on appellant's counsel for his failure to comply with the federal bankruptcy rules and the notice issued by the Clerk.

Therefore:

**IT IS ORDERED** that the appellant's Motion for Rehearing Pursuant to Bankruptcy Rule 8015 [Doc. No. 6] is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that the Court's Order dated August 1, 2007, which dismissed the above listed cause number for lack of prosecution, is hereby **VACATED** and **SET ASIDE**;

**IT IS FURTHER ORDERED** that appellant's brief be filed **on or before Friday, August 24, 2007**; the appellee's brief shall be filed within 15 days after service of appellant's brief; the appellant may file a reply brief within 10 days after service of appellee's brief.

**IT IS FURTHER ORDERED** that defense counsel is hereby sanctioned and ordered to pay $250.00 **no later than 5:00 p.m. on Monday, August 20, 2007.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 14th day of August, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE